IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONI MASCIARELLI,

    Plaintiff,

v.

TOTE, INC, et al.,

    Defendants.

Case No. 2:10-cv-1036

JUDGE SARGUS

MAGISTRATE JUDGE KING

**OPINION AND ORDER**

    This matter is presently before the Court for consideration of Defendants' Motion to Dismiss (Doc. 5), and Plaintiff's Motion to Transfer (Doc. 8). For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Transfer and transfers this case to the United States District Court for the Western District of Pennsylvania.

    This diversity action arises from an automobile accident that occurred on November 21, 2008 in Washington County, Pennsylvania. (Compl. ¶ 5.) Plaintiff, Toni Masciarelli, alleges that the vehicle she was operating was negligently struck by a tractor-trailer operated by Defendant Wayne Walters and owned by Defendant Tote, Inc., resulting in injuries to Plaintiff. Although the accident occurred in Pennsylvania, Masciarelli is a resident of Ohio and Defendants are both residents of South Dakota. Defendants have moved to dismiss this action for want of personal jurisdiction and for improper venue pursuant to Rule 12(b)(2) and (3). Plaintiff, recognizing that venue may not be proper in this Court, has moved to transfer this case to the United States District Court for the Western District of Pennsylvania.

    Pursuant to § 1391 of Title 28, United States Code:

    A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). A review of the facts of this case indicates that none of the three possibilities enumerated in § 1391(a) are applicable to this Court. Both Defendants reside in South Dakota, and, even if Tote, Inc. had a substantial enough connection with this district to be considered a resident hereof, subsection (a)(1) requires that all defendants reside in the same state. Moreover, the events giving rise to this action did not occur in this district, nor does this action deal with property. Finally, subsection (a)(3) cannot be deemed to apply to this case because venue would at the very least be appropriate in the District of South Dakota pursuant to subsection (a)(1) as both Defendants reside in South Dakota. Accordingly, the Southern District of Ohio is not a proper venue for this action. It does appear, however, that venue would be appropriate in the Western District of Pennsylvania, as that is where the accident giving rise to this suit occurred.

Pursuant to § 1406 of Title 28, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a). The Parties represent that the statute of limitations has expired in this case, and therefore, if dismissal is granted, Plaintiff will lose the opportunity to have her claim adjudicated on its merits. Given the strong policy favoring resolution of claims on their merits, the Court finds, therefore, that the interests of justice warrant transfer in this case as opposed to dismissal.

2

Plaintiff's Motion to Transfer (Doc. 8) is accordingly **GRANTED**, and the Clerk is directed to transfer this action to the United States District Court for the Western District of Pennsylvania. Defendants' Motion to Dismiss (Doc. 6) is **DENIED without PREJUDICE**.

**IT IS SO ORDERED.**

8-2-2011
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**